Enterprise Rent-A-Car

v.

Allstate Ins. Co. et al.

September 30, 1997

Case No. HH-1437-1

BY JUDGE MELVIN R. HUGHES, JR.

In this declaratory judgment case, the court took evidence and heard argument on the question of whether a rental car agency or the renter's insurer is required to provide a defense and extend coverage in a claim against the renter arising from an accident.

The facts in the underlying matter are undisputed. On February 8, 1996, a motor vehicle owned by plaintiff Enterprise Rent-A-Car (Enterprise) and driven by defendant Braston D. Jackson was involved in an accident with an automobile driven by John D. Bland. Defendant Lucille D. Henderson was a passenger in Bland's automobile and was injured in the accident. She is seeking recovery from the automobile liability coverage of Enterprise, which is self-insured, and Allstate Insurance Company, Jackson's insurer.

Under Va. Code § 38.2-2205, the automobile liability policy on the renter is to provide primary liability coverage. Recognizing this, Enterprise and Allstate began discussions with the object of coming to an agreement that Enterprise would provide primary liability coverage to Allstate insureds who rent Enterprise vehicles in exchange for a small rate increase to be paid by the renter. Enterprise's pleading for declaratory relief recites that the parties came to such an agreement but that the agreement is not effective to require Enterprise to provide coverage because Jackson violated the rental contract by being intoxicated at the time. Enterprise contends that, while it agreed to assume responsibility for coverage in cases of Allstate insureds, the agreement also provided that liability coverage is excluded when the renter violates the

contract in any number of listed ways, among them, by being under the influence of intoxicants.

The agreement Enterprise relies on is in the form of two pieces of correspondence submitted into evidence. These two letters, however, offer differing views on the scope of the agreement, especially with regard to Enterprise's status as a primary insurer in "non-owned" versus "temporary substitute" situations. As I indicated at the hearing, the court finds that there is insufficient evidence to confirm the existence of the agreement Enterprise relies on. Given the disagreement expressed in the correspondence, the court finds that there was no mutual assent to the formation of the contract. Enterprise and Allstate are so clearly at odds as to the scope and coverage of the agreement that the court cannot find that a contract exists. Thus, analysis of the rights and responsibilities of the parties relative to coverage and providing a defense will proceed according to the rental agreement, the relevant statutes, and the parties' contentions about them.

It is also undisputed that when Jackson rented the automobile from Enterprise on January 30, 1996, he declined the "collision damage waiver," "personal accident insurance," and "supplemental liability protection" (SLP) offered by Enterprise to its renters at additional cost. Enterprise takes the positions that, by this action, Jackson agreed to assume full responsibility for any damage to the rented vehicle, bodily injury, and property, regardless of cause. It also contends that under Va. Code § 38.2-2205, Allstate, Jackson's insurance carrier, serves as primary insurer for any liability claims. Lastly, Enterprise contends that because it is a self-insured, there is no omnibus coverage for Jackson because a self-insurer does not have to provide such coverage otherwise required under § 38.2-2204. On the other hand, Allstate and defendant Henderson argue that under no circumstance can Enterprise escape responsibility for providing primary liability by contract conditions or as a self-insurer because, in any event, the law imposes a duty to provide insurance.

Because the rental agreement certainly plays a role in the matter and cannot be overlooked, the court is not prepared to say, as Allstate urges, that a self-insured rental car company has the primary coverage responsibility under the circumstances.

In the absence of any special agreement between Enterprise and Allstate to cover the latter's insureds, the terms of the rental agreement will be strictly construed. It is undisputed that Mr. Jackson declined any and all extra-cost insurance coverage offered by Enterprise to cover automobile damage, property damage, or personal injury. He expressly assumed responsibility for these items, establishing his insurance carrier (Allstate) as primarily liable. *See*

Va. Code § 38.2-2205 ("applicability of other valid and collectible insurance").

Enterprise contends that Mr. Jackson's intoxication at the time of the accident effectively violates the rental agreement, such that Enterprise is not liable for any injury or damage resulting from Mr. Jackson's conduct. Allstate responds that this contract provision — permitting invalidation of the rental agreement upon reasonable proof that the renter was under the influence of intoxicants while driving the Enterprise automobile — is void as contrary to the Commonwealth's public policy. The court need not reach this issue, as Mr. Jackson's alleged breach is irrelevant to the outcome.[1] Given the court's finding that (a) no special agreement existed between Enterprise and Allstate to automatically provide Allstate's insureds with the minimum required coverage, and (b) Jackson declined all additional "extra-cost" coverage and assumed full responsibility, the rental agreement clearly states that the renter's insurer (Allstate) is primarily liable for costs arising from the litigation of Mrs. Henderson's injuries.[2] Enterprise has not assumed responsibility for, and Allstate may not invoke, any self-insurance protection offered by the rent-a-car company. Enterprise is under no obligation to provide any liability protection to Mr. Jackson.

The extent to which Allstate is primarily liable for injuries resulting from its insured's use of "temporary substitute vehicles" should be determined in accordance with the terms of Jackson's policy.

In conclusion, the court hereby declares that Enterprise is under no duty to defend or provide any liability coverage to Braston D. Jackson on claims arising from an automobile accident on February 8, 1996. The court further declares that defendant Allstate Insurance Company has primary liability coverage for and is under a duty to defend Jackson pursuant to a claim made by Lucille D. Henderson.

---

[1] Even if the Court was to consider Mr. Jackson's intoxication as violation of his rental agreement with Enterprise, the result would be the same; Mr. Jackson's primary insurance carrier for purposes of Ms. Henderson's suit is Allstate.

[2] With regard to bodily injury and property damage responsibility, the contract states "[r]enter's insurance applies."